UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AVONDA URBEN, on behalf of herself and in her capacity as the Sellers' Representative,<br><br>    Plaintiff,<br><br>v.<br><br>GRIDKOR, LLC, MICHAEL BRYANT, and ALYSSA SCHRECENGOST BRYANT,<br><br>    Defendants.<br><br>GRIDKOR, LLC,<br><br>    Counterclaim and Third-Party Plaintiff,<br><br>v.<br><br>AVONDA URBEN; JOHN DOE NOS. 1-5; and JANE DOE NOS. 1-5,<br><br>    Counterclaim and/or Third-Party Defendants | Case No. 1:23-cv-00138-TSE-IDD |

**GRIDKOR, LLC'S ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT**

Defendant GridKor, LLC hereby answers and asserts affirmative defenses to Plaintiff Avonda Urben's Complaint as follows:

1. The allegations of paragraph 1 purport to characterize and/or interpret Plaintiff's Complaint and/or a "Stock (Shares) Purchase Agreement," both of which documents speak for themselves and to which no response is required. To the extent a response is required, the allegations of paragraph 1 are denied.

2. The allegations of paragraph 2 purport to state legal conclusions and/or characterize

and interpret Plaintiff's Complaint, to which no response is required. To the extent a response is required, the allegations of paragraph 2 are denied.

    3.     Denied.

    4.     Denied.

    5.     On information and belief, admitted.

    6.     Admitted in part, denied in part. GridKor admits it is a limited liability company organized under the laws of the State of Wyoming, that its Wyoming address is as alleged, and that KorDev LLC is a member of GridKor. The allegations of paragraph 6 are otherwise denied.

    7.     Admitted in part, denied in part. GridKor admits that Mr. Bryant is an individual and a resident and citizen of Pennsylvania, and that he is the President of GridKor. The remaining allegations of paragraph 7 purport to state a legal conclusion to which no response is required. To the extent a response is required, the remaining allegations are denied.

    8.     Admitted in part, denied in part. GridKor admits that Mrs. Bryant is an individual and a resident and citizen of Pennsylvania. The allegations of paragraph 8 are otherwise denied.

    9.     Denied.

    10.    Denied.

    11.    Denied.

    12.    Admitted.

    13.    Admitted in part, denied in part. GridKor admits that GridSwitch is a Delaware limited liability company, albeit one that is wholly irrelevant to any of the events at issue in this case. The allegations of paragraph 13 are otherwise denied.

    14.    The allegations of paragraph 14 purport to state legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 14 are

denied. GridKor notes that Plaintiff has never identified the Sellers, the purported shareholders of Perfect V. Enterprises, Inc., who are a necessary party to this action. Not knowing the identity of the purported Sellers or their citizenship, GridKor is without information sufficient to determine whether this Court in fact has jurisdiction under 28 U.S.C. § 1332.

15. The allegations of paragraph 15 purport to state legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 15 are denied.

16. GridKor is without information sufficient to admit or deny the allegations of paragraph 16 and, therefore, denies the same.

17. GridKor is without information sufficient to admit or deny the allegations of paragraph 17 and, therefore, denies the same.

18. GridKor is without information sufficient to admit or deny the allegations of paragraph 18 and, therefore, denies the same.

19. On information and belief, admitted.

20. GridKor is without information sufficient to admit or deny the allegations of paragraph 20 and, therefore, denies the same.

21. Admitted in part, denied in part. GridKor admits that Mr. Bryant met Ms. Urben through a mutual acquaintance in August 2022 (though "business colleague" is not entirely accurate), that Mr. Bryant is a principal of KorDev LLC, that KorDev LLC is a company that does digital marketing and brand building (among other things). GridKor further admits that Mr. Bryant had the financial ability to increase the Company's production and manufacturing, to increase effective marketing of the brand, had the available capital and requisite expertise and skills to grow the Company. The allegations of paragraph 21 are otherwise denied.

22. The allegations of paragraph 22 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 22 are denied.

23. The allegations of paragraph 23 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 23 are denied.

24. Admitted in part, denied in part. GridKor admits that Mr. Bryant and Ms. Urben discussed a number of possibilities and that Ms. Urben provided certain, limited information to Mr. Bryant. The allegations of paragraph 24 are otherwise denied.

25. Admitted.

26. The allegations of paragraph 26 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 27 are denied.

28. Admitted in part; denied in part. GridKor admits that Exhibit A to the complaint appears to be a copy of the "Stock (Shares) Purchase Agreement" executed by Mr. Bryant and Ms. Urben. The allegations of paragraph 28 are otherwise denied.

29. The allegations of paragraph 29 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 purport to state, characterize and/or interpret the

contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 30 are denied.

31.     The allegations of paragraph 31 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 31 are denied.

32.     The allegations of paragraph 32 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 32 are denied.

33.     The allegations of paragraph 33 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 33 are denied.

34.     Denied.

35.     Admitted in part; denied in part.  GridKor admits that it requested Ms. Urben to withdraw the funds in the Company bank account she identified for GridKor, but GridKor did so only after Ms. Urben failed to transfer control of the supposed Company bank account.  GridKor further admits that the Company has not opened any new bank accounts since November 8, 2022, but the Company has no done so because Ms. Urben failed to provide the information necessary to do so, including the taxpayer identification number for the Company.  The allegations of paragraph 35 are otherwise denied.

36.     Admitted in part; denied in part.  GridKor admits that Mr. Bryant met Ms. Urben on or about December 8, 2022 at a TD Bank location in Virginia.  Mrs. Bryant accompanied him. The purpose of the trip was to remove Ms. Urben as an authorized person on what she represented were the Company's two bank accounts, one at TD Bank and one at Chase Bank, and add a new

authorized person in her place. In the middle of completing the paperwork to do this, the manager at TD Bank requested that Ms. Urben provide a password or code for the account so as to confirm her identity and authority. She was unable to provide the correct password or code, claiming she had forgotten. The manager stated he could not remove Ms. Urben from the account without the password or code, but he could close the account. Rather than make a second trip, Mr. Bryant elected to proceed in this fashion. The manager asked if he would accept cash and Mr. Bryant said yes. Ms. Urben claimed to also not have her password or code for the Chase Bank account, so Mr. Bryant did not even attempt to remove her from that account and instead asked Ms. Urben to close the account as she had the TD Bank one. The allegations of paragraph 36 are otherwise denied.

37. Admitted in part; denied in part. Ms. Urben was asked to provide various information, email accounts, records, and other property of the Company, which she failed to do. Unable to maintain sales channels or ship product without this information and property, the Company informed certain third parties that it would be pausing momentarily until the issue could be resolved. But it never was. GridKor further admits that the Company was unable to fulfill certain orders (albeit less than the 50 alleged) because the supplier refused to release inventory based upon substantial unpaid invoices which Plaintiff and/or Sellers had failed to disclose. The allegations of paragraph 37 are otherwise denied.

38. Admitted in part; denied in part. The Company has been unable to pay a number of claimed bills or outstanding liabilities which were not disclosed by Ms. Urben and/or Sellers and which the Company has been unable to verify because Ms. Urben has failed to turn over the Company's email accounts, account system, records, and other necessary information. GridKor further admits that the plan was to move operations to a consolidated warehouse and manufacturer in Florida, but the Company was unable to implement that plan due to the lack of access to and

control over the Company's accounts, records, and information. The allegations of paragraph 38 are otherwise denied.

39. Denied.

40. The allegations of paragraph 40 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 40 are denied.

41. The allegations of paragraph 41 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 41 are denied.

42. The allegations of paragraph 42 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a

response is required, the allegations of paragraph 46 are denied.

47. Admitted in part; denied in part. GridKor admits that it has repeatedly requested that Ms. Urben and/or the as-yet-unidentified Sellers perform under the "Stock (Shares) Purchase Agreement," relinquish control of the Company and all of its assets, and turn over the records, accounts, systems, and other information of the Company. GridKor further admits that it made clear that if Ms. Urben and/or the Sellers did not do so, GridKor would have no choice but to rescind the "Stock (Shares) Purchase Agreement," and GridKor ultimately did so. The allegations of paragraph 47 are otherwise denied.

48. GridKor hereby incorporates by reference each of its responses to the preceding paragraphs as if set forth fully herein.

49. On information and belief, admitted.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

GridKor denies any and all allegations set forth in Plaintiff's "WHEREFORE" clause and subparagraphs the same, and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof to which GridKor is not otherwise subject under the law, GridKor asserts and alleges the following additional defenses to Plaintiff's Complaint:

1. GridKor denies all allegations not specifically admitted herein and denies that Plaintiff is entitled to any of the relief requested.

2. Plaintiff's claim fails to state a claim upon which relief may be granted.

3. Plaintiff lacks standing to assert a cause of action for breach of contract.

4. Plaintiff has failed to join a necessary part, namely: the Sellers.

5. To the extent GridKor failed to perform any contractual obligation to Plaintiff or Sellers, it is relieved from performing by Plaintiff and/or Sellers' prior material breaches.

6. To the extent GridKor failed to perform any contractual obligation, it did so as a result of the acts, omissions and failures of Plaintiff and/or the Sellers.

7. Plaintiff and/or Sellers failed to perform under the "Stock (Shares) Purchase Agreement," thus relieving GridKor of any obligations thereunder.

8. Plaintiff and/or Sellers failed to deliver access to and control of the Company to GridKor, thus interfering with GridKor's ability to perform under the "Stock (Shares) Purchase Agreement" and relieving it of any obligations thereunder.

9. Plaintiff seeks an unenforceable liquidated damages penalty because her damages, if any, are grossly disproportionate to any harm actually suffered.

10. Plaintiff's claim is barred because she has not suffered any damages either generally or for which GridKor is responsible.

11. Plaintiff's damages, if any, were the result of its own neglect, negligence, mistake, breaches of contract, and course of conduct.

12. Plaintiff's claim is barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and release.

13. Plaintiff and/or Sellers failed to mitigate their damages, if any.

14. GridKor hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during discovery and hereby reserves the right to amend this Answer to assert any such defense.

## JURY DEMAND

GridKor hereby requests a trial by jury on all issues so triable.

## DEFENDANT'S PRAYER FOR RELIEF AND GENERAL DENIAL

Except as expressly admitted herein by GridKor, each and every other allegation contained in Plaintiff's Colaint, whether in numbered or unnumbered paragraphs or in headings, are hereby denied.

WHEREFORE, having fully answered the Complaint and having raised the defenses above, GidKor respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice, enter judgment in favor of GridKor and against Plaintiff, and award GridKor its attorneys' fees, costs, and such other relief as is just and proper.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff GridKor, LLC hereby alleges for its Counterclaim and Third-Party Complaint as follows:

1. Following a series of discussions and exchanges of information over the course of several months, GridKor and Counterclaim Defendant Avonda Urben, acting as the representative of certain unidentified Sellers (Third-Party Defendants John Doe Nos. 1-5 and Jane Doe Nos. 1-5), executed a "Stock (Shares) Purchase Agreement" ("the Agreement") in early November 2022 pursuant to which GridKor had hoped and understood it would be acquiring Perfect V. Enterprises, Inc. ("the Company").

2. Ms. Urben and/or the unidentified Sellers (collectively "Defendants"), however, materially failed to perform under the Agreement. They never delivered any of the stock of the Company (much less all of the stock) to GridKor. They failed to deliver access to and control of the Company's assets, records, bank accounts, email accounts, vendor portals, website, systems, and even basic identifying information. Unable to access any historical information or use the Company's accounts and systems, the individuals tasked with running the Company were left without the information, records, or Company property needed to do so.

3. Both GridKor and the Company's new management repeatedly requested the information, records, and access needed to run the Company. Defendants repeatedly refused or ignored those requests.

4. Further, following the execution of the Agreement, several representations made by Ms. Urben during the parties' negotiations proved to be false, materially incomplete, and/or misleading. Ms. Urben's representations about the inventory available to the Company, approval or endorsement of the product by a physician, and the nature and extent of the Company's

11

liabilities all turned out to be false.

5. GridKor made a good faith effort to operate the Company, or at least maintain the status quo while it attempted to obtain the information and property needed to run the Company and perform under the Agreement. Ms. Urben and the Sellers, however, never performed under the Agreement or transferred control to GridKor.

6. Accordingly, GridKor brings claims for breach of contract, fraudulent inducement, and negligent misrepresentation and seeks rescission of the Agreement or, in the alternative, injunctive relief and damages.

## PARTIES

7. Counterclaim Plaintiff and Third-Party Plaintiff GridKor, LLC is a limited liability company created and existing under the laws of Wyoming with its principal place of business located in Pennsylvania. GridKor's members are citizens for diversity purposes of Pennsylvania, Texas, Massachusetts, and New Mexico.

8. Counterclaim Defendant Avonda Urben is, on information and belief, an individual and a citizen and resident of Virginia.

9. John Doe Nos. 1-5 and Jane Doe Nos. 1-5 are the owners of the stock of Perfect V. Enterprises, Inc. Their identities, residence, and citizenship are unknown to GridKor.

## JURISDICTION AND VENUE

10. To the best of GridKor's knowledge, this Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332 and/or § 1367(a).

11. To the best of GridKor's knowledge, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and/or § 1391(c).

## FACTUAL ALLEGATIONS

12. In or about August 2022, Michael Bryant and Ms. Urben began discussions regarding the potential sale of the Company.

13. Mr. Bryant and Ms. Urben's discussions continued over the course of the months that followed, ultimately culminating in the execution of the Agreement in early November 2022.

14. Over the course of those discussions, Ms. Urben represented, on behalf of herself and the Sellers, a number of things, including:

   a. That the Company had a certain amount of inventory that was free and available;

   b. That the Company had certain debts and liabilities, the specifics of which were provided to GridKor; and

   c. That the Company's product had been approved or endorsed by an independent physician.

15. Based upon the above representations and the information that Defendants provided to Mr. Bryant and GridKor, GridKor proceeded to negotiate the terms of an acquisition of the Company.

16. Mr. Bryant executed the Agreement on November 7, 2022 on behalf of GridKor. Ms. Urben executed the Agreement the following day on behalf of Sellers.

17. Among other things, the Agreement required Defendants to deliver the stock, along with any stock certificates, within ten days of closing, to add Mr. Bryant (and remove Ms. Urben) as an authorized signatory on the Company's bank accounts within two days, and to transfer and/or deliver all assets, accounts, and property belonging to the Company. Defendants failed to do any of these things.

18. The Company's assets include, among other things, inventory, bank accounts, accounting and bookkeeping records, bank records, accounting platforms, and intellectual and digital property such as the Company's email accounts, website, domain names, vendor portals, and associated passwords. Access to and use of this property is necessary to run the business and protect the brand.

19. From the beginning, however, Defendants refused to transfer or otherwise deliver the above property and/or access thereto to GridKor.

20. In attempting to manage the Company's relationships and access its inventory, it became clear that Defendants had materially mispresented the Company's liabilities, describing them as a fraction of the actual monies owed to vendors, attorneys, and others.

21. Among other undisclosed debts and liabilities, Defendants had not disclosed that the inventory they had represented as available was not, in fact, available, because it was being held by the supplier based upon unpaid invoices.

22. Numerous other creditors emerged, reflecting debts in excess of what Defendants had disclosed. GridKor and the Company's new management discovered more than 10 creditors that Defendants had failed to disclose. Even for those creditors Defendants had disclosed, some were owed more than Defendants had represented. In sum, Defendants had left a trail of disgruntled suppliers, vendors, and customers, with whom GridKor and new management were left to contend all the while without the ability to verify the creditors' claims against the Company's own records.

23. Defendants' misrepresentations were not confined to the nature and extent of the Company's liabilities. It turned out that the physician who supposedly had approved or endorsed the Company's product was, in fact, a family member or friend of Ms. Urben.

24. Defendants' refusal to deliver access to the Company's property, including prior communications located in the Company's email accounts, exacerbated these problems. Without this information, the Company could not access its historical information about the alleged debts, hindering its ability to satisfy vendors and generate income.

25. Defendants had an obligation to deliver *all* property belonging to the Company, which they steadfastly refused to do. Nevertheless, GridKor made its Chief Marketing Officer available to Ms. Urben's counsel on January 23, 2023, to explain in detail the information and property that was missing but required to operate the business. Further, GridKor provided Ms. Urben's counsel with a written list of specific information and property required as recently as February 8, 2023, all in an attempt to salvage the transaction. GridKor even offered to overlook the fraudulent misrepresentations, pay off the bills Defendants failed to disclose and attempt to make a success of the business if Defendants would just provide the information needed. Defendants still refused.

26. On February 23, 2023, GridKor provided Ms. Urben with formal notice of its rescission of the Agreement.

**Count I – Breach of Contract / Implied Covenant of Good Faith and Fair Dealing**

27. GridKor hereby repeats the allegations of the preceding paragraphs and incorporates them as if set forth fully herein.

28. The Stock (Shares) Purchase Agreement is a valid and enforceable contract.

29. Defendants breached the Agreement and/or the implied covenant of good faith and fair dealing, including by:

    a. Failing to deliver shares of Company stock, along with any stock certificates, to GridKor;

15

      b.      Failing to add signatory authorization for Michael Bryant to the Company's bank accounts, and remove Ms. Urben and any others from such accounts, within two business days, or at all; and

      c.      Failing to transfer access to and control of the assets, records, property and systems of the Company, including the Company's accounting system, its email accounts, its tax records, its accounting and bookkeeping records, its website, its domain names, and its vendor portals.

30. GridKor has suffered damages as a result of Defendants' breaches.

31. GridKor is entitled to rescind the Agreement as a result of Defendants' breaches and failure of performance.

## Count II – Fraudulent Inducement

32. GridKor hereby repeats the allegations of the preceding paragraphs and incorporates them as if set forth fully herein.

33. Defendants knowingly, and with the intent to defraud, made or caused to be made misrepresentations and omissions of material fact, or such misrepresentations and omissions of material fact were made on Defendants' behalf, including but not limited to:

      a.      That the Company had a certain amount of inventory that was free and available;

      b.      That the Company had certain debts and liabilities, the specifics of which were provided to GridKor; and

      c.      That the Company's product had been approved or endorsed by an independent physician.

34. The misrepresentations and/or omissions were false and misleading at the time they

were made.

35. Defendants or others acting on their behalf made those misrepresentations and/or omissions, or caused them to be made, with knowledge of their falsity or recklessly without regard for their truthfulness, with the intent to deceive GridKor, and with the intent to induce GridKor to enter into the Agreement and consummate the transaction at closing.

36. GridKor reasonably relied to its detriment on Defendants' misrepresentations in choosing to enter into the Agreement and to consummate the transaction at closing.

37. As parties fraudulently induced to enter to a contract and consummate the related transactions, GridKor is entitled to rescind that contract and those transactions.

38. In the alternative, GridKor requests monetary damages as a result of Defendants' fraudulent conduct in an amount to be determined at trial.

### Count III – Negligent Misrepresentation

39. GridKor hereby repeats the allegations of the preceding paragraphs and incorporates them as if set forth fully herein.

40. If the false statements or omissions set forth above were not made with knowledge or recklessness as to their falsity, then they were made negligently, or without due care, by Defendants, or on their behalf.

41. Defendants provided the information set forth above to GridKor in the course of their business and failed to exercise that care and competence in obtaining and communicating the information which GridKor was justified in expecting.

42. GridKor was the entity for whose guidance the financial information was supplied. Defendants knew that GridKor would reasonably rely on their representations, and Defendants intended to influence GridKor through those representations.

17

43. GridKor was, in fact, deceived by these misrepresentations and omissions and reasonably and justifiably relied to its detriment on these misrepresentations and omissions.

44. As a direct and proximate result of these negligent misrepresentations, GridKor entered into and closed the Agreement. GridKor would never have done so if it had known the truth.

## JURY DEMAND

GridKor hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, GridKor respectfully requests that the Court:

1. Enter judgment declaring the Stock (Shares) Purchase Agreement and the transactions consummated pursuant thereto to be rescinded and void *ab initio*;

2. Award GridKor its costs associated with effecting rescission;

3. Award GridKor restitution, including costs and attorneys' fees;

4. In the alternative, award GridKor damages in the amount of the losses suffered as a result of Defendants' conduct;

5. Award GridKor its attorneys' fees and costs; and

6. Grant GridKor such further relief as the Court may deem just and equitable.

DATE: March 14, 2023					Respectfully submitted,

*/s/ Tillman J. Finley*
Tillman J. Finley (VSB No. 93284)
tfinley@marinofinley.com
MARINO FINLEY LLP
818 Connecticut Avenue, N.W., Suite 801
Washington, DC  20006
Tel:  202.223.8888

*Attorneys for GridKor, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2023, I filed the foregoing GRIDKOR, LLC'S ANSWER, COUNTERCLAIM AND THIRD-PARTY COMPLAINT using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Tillman J. Finley*
Tillman J. Finley