UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AVONDA URBEN, on behalf of herself and in her capacity as the Sellers' Representative, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:23-cv-00138-TSE-IDD |
| v. | ) |
| GRIDKOR, LLC, MICHAEL BRYANT, and ALYSSA SCHRECENGOST BRYANT, | )<br>) |
| Defendants. | ) |
| GRIDKOR, LLC, | ) |
| Counterclaim and Third-Party Plaintiff, | ) |
| v. | ) |
| AVONDA URBEN; JOHN DOE NOS. 1-5; and JANE DOE NOS. 1-5, | )<br>) |
| Counterclaim and/or Third-Party Defendants | ) |

**INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants Michael Bryant and Alyssa S. Bryant ("the Bryants" or "the Individual Defendants") hereby move the Court to dismiss the Complaint as against them for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff seeks to hold the Bryants individually liable on a claim for GridKor, LLC's alleged breach of contract, but the Complaint makes nothing but conclusory allegations, and does not allege (even in conclusory fashion) the essential elements of a theory of alter ego liability. Plaintiff does not allege, even in

conclusory fashion, either that there was a misuse of the corporate structure or that the corporate structure caused a fraud or similar injustice. All that Plaintiff offers are conclusory allegations (most alleged solely "on information and belief") as to certain factors that may be considered in determining whether either of the elements of an alter ego theory has been established. Plaintiff, therefore, has failed to allege facts which, if true, would permit the exceptional result of holding the Bryants personally liable for the contractual obligations of the corporate entity, GridKor. Plaintiff's allegations do not meet any pleading standard, much less the standard of Rule 9(b).

Further, even ignoring the deficiencies in Plaintiff's Complaint, there is no genuine dispute of material fact as to Plaintiff's inability to prove an alter ego claim even if the Court were to allow one to proceed past the pleading stage. In the alternative, therefore, the Bryants request summary judgment pursuant to Rule 56.

In support, the Individual Defendants rely upon the Complaint, the supporting Memorandum submitted herewith and the Declaration of Michael Bryant. The Individual Defendants will also rely on such further pleadings and other documents as may be filed, and oral argument as the Court may permit or require.

WHEREFORE, the Individual Defendants respectfully request the Court dismiss the Complaint with prejudice as against them or, in the alternative, enter summary judgment in their favor and against Plaintiff.

DATE:  March 15, 2023                    Respectfully submitted,

/s/ Tillman Finley
Tillman J. Finley (VSB No. 93284)
tfinley@marinofinley.com
MARINO FINLEY LLP
818 Connecticut Avenue, N.W., Suite 801
Washington, DC  20006

Tel: 202.223.8888

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2023, I filed the foregoing INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Tillman J. Finley*
Tillman J. Finley
