UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| AVONDA URBEN, on behalf of herself and in her capacity as the Sellers' Representative, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:23-cv-00138-TSE-IDD |
| v. | ) ) ) |
| GRIDKOR, LLC, MICHAEL BRYANT, and ALYSSA SCHRECENGOST BRYANT, | ) ) ) ) |
| Defendants. | ) ) |
| GRIDKOR, LLC, | ) ) |
| Counterclaim and Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| AVONDA URBEN; JOHN DOE NOS. 1-5; and JANE DOE NOS. 1-5, | ) ) ) ) |
| Counterclaim and/or Third-Party Defendants | ) ) ) |

**MEMORANDUM IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Plaintiff, purporting to act as the representative of a seller or group of sellers she has steadfastly refused to identify, has brought an ill-conceived action for breach of contract against GridKor, LLC seeking to enforce a "Stock (Shares) Purchase Agreement" under which neither she nor the sellers she putatively represents has ever performed by so much as delivering stock certificates, much less the property, accounts, records, information and log in credentials GridKor or any buyer needs to operate the company GridKor had attempted to purchase. In its Answer,

Counterclaim and Third-Party Complaint (Doc. 10), GridKor details Plaintiff's repeated and inexplicable failure to perform and seeks rescission of the Agreement.

But in what can only be explained as an irrational attempt to harass at a personal level, Plaintiff also seeks to hold GridKor's President, Michael Bryant, *and his wife*, Alyssa S. Bryant (together, "the Bryants" or "the Individual Defendants"), liable for the same alleged breach of contract supported only by the threadbare, conclusory allegation that they "are alter egos of GridKor."  They are not, and Plaintiff's Complaint does not come remotely close to pleading a viable alter ego claim.

Plaintiff's Complaint offers nothing but conclusory allegations, and *does not even include conclusory allegations of the bare elements* she would have to establish to make out a viable alter ego claim.  Plaintiff does not allege, even in conclusory fashion, either that there was a misuse of the corporate structure or that the corporate structure caused a fraud or similar injustice.  All that Plaintiff offers are conclusory allegations (most alleged solely "on information and belief") as to certain factors that may be considered in determining whether either of the elements of an alter ego theory has been established.  But even those allegations are accompanied by no particularity at all.  Plaintiff, therefore, does not allege facts which, if true, would permit the exceptional result of holding the Bryants personally liable for the contractual obligations of the corporate entity, GridKor.

Accordingly, the Bryants are entitled to dismissal from this action because Plaintiff has not, and cannot, state facts sufficient to plead alter ego liability.  Setting aside Plaintiff's failure to state a claim compliant with any pleading standard, there is no genuine dispute of material fact as to Plaintiff's ability to establish an alter ego claim against the Bryants even if she had sufficiently alleged one.  Therefore, in the alternative, the Bryants request summary judgment.

# ARGUMENT

I. **Plaintiff's Complaint Fails to State a Claim Against the Bryants**

    A. **Legal Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 does not require detailed factual allegations, a plaintiff must still provide more than a formulaic recitation of the action's elements. *Informatics Applications Grp., Inc. v. Shkolnikov*, 836 F. Supp. 2d 400, 410 (E.D. Va. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citation omitted)). "The court need not…accept mere labels, assertions, and conclusions, that are unsupported by pleaded facts." *United States v. Universal Health Servs., Inc.*, No. 1:07CV00054, 2010 WL 4323082, at *2 (W.D. Va. Oct. 31, 2010) (citing *Twombly*, 550 U.S. at 555); *see also Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 547 (4th Cir. 2013) ("We are not, however, required to accept [plaintiff's] legal conclusions, drawn from those facts, as true.").

When a complaint alleges fraud, "a plaintiff must not only meet the plausibility standard of Rule 8, but also satisfy the heightened pleading standard of Rule 9(b)." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (internal quotations and citations omitted); *see also EED Holdings v. Palmer Johnson Acquisition Corp.*, 228 F.R.D. 508, 512 (S.D.N.Y. 2005) (where a veil-piercing claim is based on allegations of fraud, "the heightened pleading standard of Rule 9(b) is the lens through which those allegation[s] must be examined.). Rule 9 states that a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *S.E.C. v. Woolf*, 835 F. Supp. 2d 111, 117 (E.D. Va. 2011); *Energy Marine Servs., Inc. v. DB*

*Mobility Logistics AG*, No. CV 15-24-GMS, 2016 WL 284432, at *2 (D. Del. Jan. 22, 2016). These circumstances are often "referred to as the 'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (citation omitted). In this Circuit, a failure to "compl[y] with Rule 9(b)'s pleading requirements is treated as failure to state a claim under Rule 12(b)(6)." *Dunn v. Borta*, 369 F.3d 421, 426 (4th Cir. 2004) (citation omitted).

      **B.**      **Alter Ego Liability**

"Persuading a Delaware court to disregard the corporate entity is a difficult task." *Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1183 (Del. Ch. 1999) (citation omitted).[1] The Court will disregard the corporate form only in the "exceptional case." *Case Fin., Inc. v. Alden*, No. CIV. A. 1184-VCP, 2009 WL 2581873, at *4 (Del. Ch. Aug. 21, 2009). Similarly, in Virginia, "the standards for veil piercing are very stringent, and piercing is an *extraordinary* measure that is permitted only in the most egregious circumstances." *Informatics*, 836 F. Supp. at 426 (citation omitted, emphasis in original); *see also Woolf*, 835 F. Supp. at 123 (a corporation is treated as "an entity separate and apart from its officers and stockholders" and "the decision to pierce a corporate veil and expose those behind the corporation to liability is one that is to be taken reluctantly and cautiously."). The party seeking to pierce the corporate veil bears the burden of proof. *William v. AES Corp.*, 28 F. Supp. 3d 553, 562 (E.D. Va. 2014).

To prevail on an alter ego theory, a plaintiff must plead and prove two separate elements. First, to pierce the corporate veil, the plaintiff must show that there was a misuse of the corporate

---

[1] Section XI of the Agreement states that it "shall be construed, interpreted and enforced in accordance with, and shall be governed by, the laws in the State of Delaware without reference to, and regardless of, any applicable choice or conflicts of laws principals." Therefore, Delaware law should be considered in deciding whether this Court may pierce GridKor's corporate veil and allow Plaintiff's claim to proceed against the Bryants.

4

structure. *MicroStrategy Inc. v. Acacia Rsch. Corp.*, No. CIV.A. 5735-VCP, 2010 WL 5550455, at *11 (Del. Ch. Dec. 30, 2010). The factors a court considers when being asked to disregard the corporate form include:

> (1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a facade for the dominant shareholder.

*Id.* (internal quotation marks and citation omitted); *see also William*, 28 F. Supp. at 562. However, "[a] decision to disregard the corporate entity generally results not from a single factor, but rather some combination of them." *MicroStrategy*, 2010 WL 5550455 at *11.

Second, "the alter ego theory requires that the corporate structure cause fraud or similar injustice." *Wallace*, 752 A.2d at 1184 (quotation marks and citation omitted); *see also MicroStrategy*, 2010 WL 5550455 at *11 ("an overall element of injustice or unfairness must always be present, as well"). "Effectively, the corporation must be a sham and exist for no other purpose than as a vehicle for fraud." *Wallace*, 752 A.2d at 1184.

### C. Plaintiff Has Not Sufficiently Pled An Alter Ego Theory of Liability

Plaintiff attempts to hold the Bryants liable for an alleged breach of contract by GridKor. For Plaintiff to properly plead a viable alter ego claim, Plaintiff must allege that some fraud or injustice was perpetrated through misuse of the corporate form. *MicroStrategy*, 2010 WL 5550455, at *11; *Woolf*, 835 F. Supp. at 123; *Doberstein v. G-P Indus., Inc.*, No. CV 9995-VCP, 2015 WL 6606484, at *4 (Del. Ch. Oct. 30, 2015). Plaintiff has not pled either misuse of the corporate form or resulting fraud or injustice from any such misuse.

In *Doberstein*, a plaintiff brought a breach of contract action against a general contracting corporation and the president of that corporation, individually, for failure to perform under a residential renovation agreement. 2015 WL 6606484 at *1. The plaintiff sought, in relevant part,

to pierce the corporate veil and hold the president liable for his alleged fraudulent statements and misrepresentations regarding the work being done on her property. *Id*. at *3. The court held that though plaintiff's allegations may have supported a claim for fraud against the president, the president's wrongful acts needed to be tied to the "manipulation of the corporate form" to support piercing the corporate veil. *Id*. at *4. "No such nexus" was alleged and the court dismissed the plaintiff's claim. *Id*. at *4-5.

Similarly, here, even if Plaintiff had alleged a fraud or injustice (which she does not, even in conclusory fashion), Plaintiff certainly has not alleged that any fraud or injustice was perpetrated through misuse of the corporate form. Plaintiff's complaint is merely a formulaic recitation of the non-dispositive factors a court considers in determining if there was a misuse of a corporate form. She does not make any specific allegations connecting any of that to any fraud or injustice. *See Iqbal*, 556 U.S. at 678; *MicroStrategy*, 2010 WL 5550455 at *11; *see also William*, 28 F. Supp. at 563 ("While Plaintiffs recite the legal standard for alter-ego liability, they do [not] make any specific allegations concerning the dealings of [defendants] that would give rise to such liability.") The court in *Doberstein* noted that though certain of plaintiff's allegations raised a potential claim that the president had siphoned off funds from the company, the court still found the complaint insufficient because "the Complaint d[id] not plead facts satisfying the other four elements under *MicroStrategy* or demonstrating that an element of injustice or unfairness related to the corporate form" was present. *Id*. at *5 n.17.

In *S.E.C. v. Woolf*, 835 F. Supp. 2d 111 (E.D. Va. 2011), the Securities and Exchange Commission (SEC) filed suit against the presidents of two corporations alleging a scheme to deceive investors into buying seminar packages and trading stocks. 835 F. Supp. at 114. The SEC attempted to allege the corporations were each alter egos of the individual presidents and thus the

6

individuals were personally liable for the alleged fraud. *Id*. According to the complaint, the individual presidents sold the seminar packages through independent contractor relationships between their respective corporations and entities affiliated with the seminar-package provider. *Id*. at 115. It was alleged the two presidents deceived investors with lies and by misrepresenting their background and expertise as traders. *Id*. at 115-116. The Court, however, found such allegations insufficient, explaining that the SEC's alter ego claims were "mere labels and conclusory allegations" because the SEC had not alleged facts satisfying either component required to pierce the corporate veil. *Id*. at 124. The Court dismissed the complaint against the individual defendants. *Id*. at 125.

Plaintiff similarly does not allege, especially not with the required specificity, the Bryants or GridKor have committed any fraud, much less that the corporate form has been misused in some way to that end. In fact, Plaintiff has alleged far less than the SEC had in *Woolf*.

The only actual fact (as opposed to a conclusory label) that Plaintiff has alleged is that the Bryants are members and/or owners of GridKor. (Complaint ¶¶ 7-8, 10.) But that is not remotely enough to state a claim. *See, e.g.*, *Banks v. Theodore Banks & S. Comfort, LLC*, No. 2022-0428-PWG, 2022 WL 17261512, at *5 (Del. Ch. Nov. 29, 2022), *report and recommendation adopted*, (Del. Ch. 2022) ("Mere control and even total ownership of one corporation by another is not sufficient to warrant the disregard of a separate corporate entity."); *CNH Am. LLC v. Kinzenbaw*, No. C.A. 08-945 (GMS), 2009 WL 3737653, at *1 (D. Del. Nov. 9, 2009) ("It is well established, however, that mere ownership or direction of a corporate entity, without more, is not sufficient to establish that the corporate form should be disregarded."). At any rate, as detailed *infra* in Section II, these allegations are not even accurate.

7

The only other allegations Plaintiff makes are conclusory assertions that the Bryants "siphoned the business funds for personal purposes" and/or "have commingled personal and corporate funds." She also baldly claims that "GridKor has failed to observe corporate formalities." These are mere conclusory allegations that, without further factual enhancement, are not entitled to a presumption of truth. *See Vitol*, 708 F.3d at 547 ("Although [plaintiff] does baldly allege that funds from [defendant] were comingled with funds from [another entity], that allegation is conclusory, and not entitled to a presumption of truth."); *William*, 28 F. Supp. at 563 (Plaintiffs merely "recite[d] the legal standard for alter-ego liability"). Plaintiff has not, and cannot, sufficiently allege that the Bryants misused the corporate entity of GridKor.

Further, Plaintiff does not attempt to allege any misuse of the corporate form caused a fraud or injustice—much less make allegations that meet the heightened standard for alleging fraud found in Rule 9(b). *See Universal Health*, 2010 WL 4323082 at *4 (What the "Complaint fails to capture is that a well-pled veil-piercing action alleges not only that an entity in the corporate structure has committed a fraud for which the parent should be held vicariously liable, but also that parental 'control is utilized to perpetuate a fraud or other wrong.'"); *see also Woolf*, 835 F. Supp. at 124 ("The Complaint also fails to plead that 'the observance of the corporate form [in this case] would sanction a fraud, promote injustice, or [result in an injustice]'").

Accordingly, "even accepting the well-pleaded facts as true, those facts do not give rise to a plausible allegation of alter ego." *Vitol*, 708 F.3d at 547. Therefore, Plaintiff's claim against the Bryants should be dismissed.

**II.     In the Alternative, There Is Not and Cannot Be Any Genuine Dispute of Material Fact that Plaintiff's Claim, if any, Is Solely Against GridKor**

In addition to being conclusory and incomplete, Plaintiff's alter ego allegations are also baseless and unsupported by any evidence. Therefore, even if Plaintiff could make allegations that

8

arguably stated a claim for alter ego liability on the part of the Bryants (which she cannot, at least not consistent with Rule 11), there is no genuine dispute of material fact as to any of the things she would have to prove to prevail on such a claim and summary judgment is required.

Rule 56 requires the Court to grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The very existence of a scintilla of evidence or of unsubstantiated conclusory allegations, however, is insufficient to avoid summary judgment." *Wolf v. Fauquier Cnty. Bd. of Sup'rs*, No. 1:06CV945 JCC, 2007 WL 2688418, at *2 (E.D. Va. Sept. 12, 2007), *aff'd sub nom. Wolf v. Fauquier Cnty. Bd. of Supervisors*, 555 F.3d 311 (4th Cir. 2009) (citing *Anderson*, 477 U.S. at 248-52).

    A.    **Statement of Undisputed Material Facts**

1. GridKor, LLC is a limited liability company formed and existing under the laws of Wyoming. (Complaint ¶ 6; Exh. A, Declaration of Michael Bryant ¶ 2.)

2. GridKor, LLC is a party to the Stock (Shares) Purchase Agreement on which Plaintiff's claim for breach of contract is based. (Complaint ¶ 1 & Exh. A; Bryant Decl. ¶ 3.)

3. Michael Bryant is not a party to the Stock (Shares) Purchase Agreement. (Complaint ¶ 1 & Exh. A; Bryant Decl. ¶ 4.)

4. Alyssa Bryant is not a party to the Stock (Shares) Purchase Agreement. (Complaint ¶ 1 & Exh. A; Bryant Decl. ¶ 5.)

5. Michael Bryant is the President of GridKor. (Bryant Decl. ¶ 1.)

6. GridKor has 13 members, four of which are other entities and nine of which are individual persons. (Bryant Decl. ¶ 6.)

7. Michael Bryant is not a member of GridKor. However, KorDev LLC is a member of GridKor and holds a 34% membership interest. Mr. Bryant is, in turn, the sole member of KorDev LLC. (Bryant Decl. ¶ 7.)

8. Alyssa Bryant is not a member of GridKor. (Bryant Decl. ¶ 8.)

9. From its formation to the present, GridKor has been adequately capitalized. (Bryant Decl. ¶ 9.)

10. From its formation to the present, GridKor has been solvent. (Bryant Decl. ¶ 10.)

11. GridKor and its members observe corporate formalities and treat GridKor as a separate and distinct entity from its members and any other affiliated entities. (Bryant Decl. ¶ 11.)

12. GridKor functions and operates independently of Mr. and Mrs. Bryant. (Bryant Decl. ¶ 12.)

13. Neither Mr. Bryant nor Mrs. Bryant has siphoned GridKor funds or used GridKor funds for personal benefit. (Bryant Decl. ¶ 13.)

**B. Summary Judgment Is Warranted on Plaintiff's Alter Ego Claim Against the Bryants**

Plaintiff attempts to impose liability on the Bryants for GridKor's alleged breach of contract by piercing GridKor's corporate veil with several unsubstantiated conclusory allegations. For Plaintiff to prevail on her claim at trial, she would have to show some combination of factors that exhibit misuse of the corporate form and that the corporate structure caused fraud or a similar injustice. *Wallace*, 752 A.2d at 1184. But GridKor was and is adequately capitalized. SOF ¶ 9. GridKor is solvent. SOF ¶ 10. the Bryants have not siphoned company funds. SOF ¶ 13. The members of GridKor observe the corporate formalities, treating GridKor as a distinct entity. SOF ¶ 11. In fact, neither of the Bryants *are even members of GridKor*. SOF ¶¶ 7-8. To be sure, Mr. Bryant has an indirect ownership interest in GridKor as the sole member of a separate entity that

is the 34% owner of GridKor, but he actually is not himself a member. SOF ¶ 7. But being the sole owner of an entity that owns roughly one-third of a company is not remotely sufficient to establish an alter ego claim. "The degree of control required to pierce the veil is 'exclusive domination and control ... to the point that [the General Partner] no longer ha[s] legal or independent significance of [its] own.'" *Wallace ex rel. Cencom Cable Income Partners II, Inc., L.P. v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999) (citations omitted); *see also DG BF, LLC v. Ray*, No. CV 2020-0459-MTZ, 2021 WL 776742, at *27 (Del. Ch. Mar. 1, 2021) (same).

GridKor has a business purpose and functions independently from the Bryants; it is not a facade in any way. In sum, Plaintiff not only has not, but *cannot* show the Bryants misused GridKor's corporate form in any way, much less in multiple ways, which is a *minimum requirement* to establish a claim for alter ego liability.

However, even if the Court were to find that Plaintiff demonstrated the Bryants somehow misused the corporate form, the Court would also have to find that this misuse was employed to perpetrate a fraud or injustice. *Wolf*, 2007 WL 2688418 at *7. Plaintiff would have to show the "who, what, when, where, and how" of that fraud. *Wilson*, 525 F.3d at 379. However, Plaintiff does not allege, and there is no evidence of, any fraud or injustice. A mere scintilla of evidence is not sufficient to defeat summary judgment, and Plaintiff does not have even that. *Wolf*, 2007 WL 2688418 at *2; *Anderson*, 477 U.S. at 248-52.

Accordingly, Plaintiff has not, and cannot, substantiate an alter ego theory of liability, or any other form of liability, against the Bryants. Thus, there is no genuine dispute as to any material fact that Plaintiff's claim is only against GridKor and summary judgment should be granted in favor of the individual defendants. *See Wolf*, 2007 WL 2688418 at *8 ("Because Plaintiffs have failed to provide evidence that demonstrates, even when viewed in the light most favorable to

them, that [corporate defendant] was incorporated "to disguise wrongs, obscure fraud, or conceal crime," this Court finds that they do not meet the second prong of the [alter ego] test. Therefore, summary judgment must be awarded to the [individual] Defendants and [they] will not be held vicariously liable as the alter ego of [corporate defendant].").

## CONCLUSION

Plaintiff does not allege facts which, even if true, would permit the exceptional result of holding the Bryants personally liable for the alleged contractual obligations of GridKor, LLC. Accordingly, the Bryants are entitled to dismissal from this action. In any event, there is no genuine dispute of material fact as to Plaintiff's inability to prove an alter ego claim even if the Court were to allow one to proceed past the pleading stage. The Bryants, therefore, request summary judgment in the alternative.

DATE: March 15, 2023        Respectfully submitted,

/s/ Tillman Finley
Tillman J. Finley (VSB No. 93284)
tfinley@marinofinley.com
MARINO FINLEY LLP
818 Connecticut Avenue, N.W., Suite 801
Washington, DC  20006
Tel:  202.223.8888

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I filed the foregoing MEMORANDUM IN SUPPORT OF INDIVIDUAL DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Tillman J. Finley*
Tillman J. Finley