UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| AVONDA URBEN, on behalf of herself and in her capacity as the Sellers' Representative,<br><br>Plaintiff,<br><br>v.<br><br>GRIDKOR, LLC, MICHAEL BRYANT, KORDEV, LLC, and ALYSSA SCHRECENGOST BRYANT,<br><br>Defendants. | Case No. 1:23-cv-00138-TSE-IDD |
| GRIDKOR, LLC,<br><br>Counterclaim and Third-Party Plaintiff,<br><br>v.<br><br>AVONDA URBEN; JOHN DOE NOS. 1-5; and JANE DOE NOS. 1-5,<br><br>Counterclaim and/or Third-Party Defendants | |

**KORDEV LLC, MICHAEL BRYANT AND ALYSSA BRYANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants Michael Bryant, Alyssa S. Bryant, KorDev LLC hereby move the Court to dismiss the First Amended Complaint (Doc. 15) as against them for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Plaintiff seeks to hold the Bryants and KorDev liable for alleged breaches of contractual obligations and duties by GridKor, LLC and the alleged tort liabilities of GridKor, LLC. The First Amended Complaint, however, makes nothing

but conclusory allegations, and does not allege (even in conclusory fashion) the essential elements of a theory of alter ego liability.  Plaintiff does not allege, even in conclusory fashion, either that there was a misuse of the corporate structure or that the corporate structure caused a fraud or similar injustice.  All that Plaintiff offers are conclusory allegations (most alleged solely "on information and belief") as to certain factors that may be considered in determining whether either of the elements of an alter ego theory has been established.  Plaintiff, therefore, has failed to allege facts which, if true, would permit the exceptional result of holding the Bryants or KorDev liable for the alleged torts or contractual obligations and duties of GridKor.  Plaintiff's allegations do not meet any pleading standard, much less the standard of Rule 9(b).

Further, even ignoring the pleading deficiencies, there is no genuine dispute of material fact as to Plaintiff's inability to prove an alter ego claim even if the Court were to allow one to proceed past the pleading stage.  In the alternative, therefore, the Bryants and KorDev request summary judgment pursuant to Rule 56 as to any alter ego claims.

Finally, Alyssa Bryant also moves to dismiss the Second Cause of Action for fraudulent inducement as against her because Plaintiff has not alleged that she made any false statement of fact, material or otherwise, that induced Plaintiff to enter into the SPA.

In support, the Bryants and KorDev rely upon the First Amended Complaint, the supporting Memorandum submitted herewith and the Declaration of Michael Bryant.  Movants will also rely on such further pleadings and other documents as may be filed, and oral argument as the Court may permit or require.

WHEREFORE, the Bryants and KorDev respectfully request the Court dismiss the First Amended Complaint with prejudice as against Alyssa Bryant and dismiss the alter ego claims

against her, Michael Bryant and/or KorDev LLC with prejudice or, in the alternative, enter summary judgment in their favor and against Plaintiff on those claims.

DATE:  April 12, 2023               Respectfully submitted,

*/s/ Tillman Finley*
Tillman J. Finley (VSB No. 93284)
tfinley@marinofinley.com
MARINO FINLEY LLP
818 Connecticut Avenue, N.W., Suite 801
Washington, DC  20006
Tel:  202.223.8888

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 12, 2023, I filed the foregoing KORDEV LLC, MICHAEL BRYANT AND ALYSSA BRYANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

                                          */s/ Tillman J. Finley*
                                          Tillman J. Finley