IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AVONDA URBEN, <br>     Plaintiff, | ) <br> ) <br> ) |
|     v. | )      Case No. 1:23-cv-138 <br> ) |
| GRIDKOR, LLC, et al., <br>     Defendants | ) <br> ) <br> ) |

## ORDER

This matter is before the Court on a Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkt. 22) filed by Defendants KorDev LLC, Michael Bryant, and Alyssa Bryant ("Defendants").[1] Simply put, Plaintiff Avonda Urben ("Plaintiff") alleges in her Amended Complaint that she contracted with Defendants for the sale of Plaintiff's skincare brand called "The Perfect V Enterprises" or "PVE." According to Plaintiff, she entered into an agreement to sell PVE to Defendant Michael Bryant's company, GridKor, LLC, based on Michael Bryant's fraudulent statements that he had the capital and experience to expand PVE. Plaintiff alleges that after the sale, Defendants violated the purchase agreement by shutting down all of PVE's manufacturing, withdrawing all of PVE's available funds, and ceasing to operate the business. Plaintiff alleges that KorDev LLC, Michael Bryant, and Alyssa Bryant are "alter egos" of GridKor, the entity that purchased PVE. In response, Defendants KorDev, Michael Bryant, and Alyssa Bryant filed the motion currently at issue. In the motion, Defendants argue that Plaintiff's Amended Complaint must be dismissed because Plaintiff has failed to allege facts

---

[1] GridKor, LLC is also named as a defendant in this lawsuit but is not a party to the motion to dismiss currently at issue. Instead, in response to Plaintiff's Amended Complaint, GridKor filed an Answer and Counterclaim against Plaintiff. *See* Dkt. 26.

1

which make plausible Plaintiff's allegation that KorDev and the Bryants are "alter egos" of GridKor, and that Plaintiff has failed to allege any facts implicating Alyssa Bryant in Plaintiff's fraudulent inducement claim in Count II. Defendants' Motion has been fully briefed and argued at a hearing on May 5, 2023, and is therefore ripe for disposition.

For the reasons stated from the bench at the hearing, Defendants' Motion to Dismiss will be granted in part and denied in part.[2] Specifically, Defendants' motion will be granted with respect to the fraudulent inducement claim against Alyssa Bryant in Count II because none of the fraudulent statements alleged in the Amended Complaint are attributed to or in any way implicate Mrs. Bryant. Moreover, Plaintiff failed to challenge Defendant's motion to dismiss Alyssa Bryant from Count II in her opposition brief, and in such circumstances, it is appropriate to "to deem [the] argument[] conceded." *Ruddy v. Bluestream Prof'l Serv., LLC*, 444 F. Supp. 3d 697, n.34 (E.D. Va. 2020). Thus, the motion to dismiss Alyssa Bryant from Count II will be granted.

Defendants' motion will be denied in all other respects because Plaintiff has alleged facts which make plausible her assertions that Defendants KorDev, Michael Bryant, and Alyssa Bryant are alter egos of GridKor. For example, the Amended Complaint alleges that the Bryants, KorDev, and GridKor "share a unity of interest and ownership such that the separate personalities of the corporation and the individuals no longer exist," and that the Bryants "siphoned the business funds for personal purposes" and "commingled personal and corporate funds." Am. Compl. ¶¶ 12–14. The Amended Complaint also states that Mr. and Mrs. Bryant

---

[2] The motion in the alternative for summary judgment must be denied because Plaintiff has not yet had an opportunity to conduct discovery as would be necessary to challenge the Defendants' purported undisputed facts. *See Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023) ("Generally, summary judgment must be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition."); *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) ("Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask.").

2

held themselves out as owners of GridKor to a bank representative in order to withdraw approximately $10,000 in cash from PVE's bank account, and that the Bryants took the cash for themselves rather than transfer those funds to GridKor as the owner of PVE. Am. Compl. ¶¶ 13, 62. Moreover, Plaintiff has alleged that Michael Bryant disregards corporate structures by using the companies he controls interchangeably. Am. Compl. ¶ 15. Plaintiff also alleges that Michael Bryant misrepresented the corporate structures of GridKor and KorDev in order to "suggest[] that there were even greater assets and wherewithal" to devote to PVE than actually existed. Am. Compl. ¶ 50. These allegations state a plausible theory of alter ego liability to survive a threshold motion to dismiss. Thus, Defendants' motion to dismiss the alter ego allegations in the Amended Complaint will be denied.

Accordingly,

It is hereby **ORDERED** that Defendants' Motion to Dismiss (Dkt. 22) is **GRANTED IN PART AND DENIED IN PART**. Specifically, Defendants' Motion is **GRANTED** with respect to the fraudulent inducement claim against Alyssa Bryant in Count II of the Amended Complaint. Defendants' Motion is **DENIED** in all other respects.

It is further **ORDERED** that, pursuant to the parties' agreement at the hearing to participate in a settlement conference, the Clerk's office is **DIRECTED** to contact the parties to provide the name and contact information of the assigned Magistrate Judge for a settlement conference.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
May 8, 2023

/s/
T. S. Ellis, III
United States District Judge

3