UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| AVONDA URBEN, on behalf of herself and in her capacity as the Sellers' Representative, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:23-cv-00138-TSE-IDD ) |
| v. | ) ) |
| GRIDKOR, LLC, MICHAEL BRYANT, KORDEV, LL, and ALYSSA SCHRECENGOST BRYANT, | ) ) ) ) |
| Defendants. | ) ) |
| GRIDKOR, LLC, | ) ) |
| Counterclaim and Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| AVONDA URBEN; JOHN DOE NOS. 1-5; and JANE DOE NOS. 1-5, | ) ) ) |
| Counterclaim and/or Third-Party Defendants | ) ) ) |

**ANSWER OF DEFENDANTS KORDEV LLC AND MICHAEL BRYANT**

Defendants KorDev LLC and Michael Bryant hereby answer and assert affirmative defenses to Plaintiff Avonda Urben's First Amended Complaint as follows:

1. The allegations of paragraph 1 purport to state legal conclusions and characterize and/or interpret Plaintiff's First Amended Complaint and/or a "Stock (Shares) Purchase Agreement," both of which documents speak for themselves and to which no response is required. To the extent a response is required, the allegations of paragraph 1 are denied.

2. Denied.

3. Denied.

4. The allegations of paragraph 4 purport to state legal conclusions and/or characterize and interpret Plaintiff's First Amended Complaint, to which no response is required. To the extent a response is required, the allegations of paragraph 4 are denied.

5. Denied.

6. Denied.

7. On information and belief, admitted.

8. Admitted in part, denied in part. Defendants KorDev and Bryant admit GridKor is a limited liability company organized under the laws of the State of Wyoming, that its Wyoming address is as alleged, and that KorDev LLC is a member of GridKor. The allegations of paragraph 8 are otherwise denied.

9. Admitted in part, denied in part. Defendants KorDev and Bryant admit that Mr. Bryant is an individual and a resident and citizen of Pennsylvania, and that he is the President of GridKor. The remaining allegations of paragraph 7 purport to state a legal conclusion to which no response is required. To the extent a response is required, the remaining allegations are denied.

10. Admitted in part, denied in part. Defendants KorDev and Bryant admit that Mrs. Bryant is an individual and a resident and citizen of Pennsylvania. The allegations of paragraph 10 are otherwise denied.

11. Admitted in part, denied in part. Defendants KorDev and Bryant admit that KorDev is a limited liability company organized under the laws of the State of Wyoming; that its Wyoming address is as alleged; that KorDev and GridKor both use the same registered agent at that address, Registered Agents Inc.; that KorDev's principal place of business is as alleged; and that Mr. Bryant

is the sole member of KorDev.  The allegations of paragraph 11 are otherwise denied.

      12.      Denied.

      13.      Denied.

      14.      Denied.

      15.      The allegations of paragraph 15 purport to state legal conclusions and characterize and/or interpret a filing in a separate litigation, which document speaks for itself and to which no response is required.  To the extent a response is required, the allegations of paragraph 15 are denied.

      16.      The allegations of paragraph 16 purport to state legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 16 are denied.  Defendants KorDev and Bryant note that Plaintiff has never identified the Sellers, the purported shareholders of Perfect V Enterprises, Inc., who are a necessary party to this action.  Not knowing the identity of the purported Sellers or their citizenship, Defendants KorDev and Bryant are without information sufficient to determine whether this Court in fact has jurisdiction under 28 U.S.C. § 1332.

      17.      The allegations of paragraph 17 purport to state legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 17 are denied.

      18.      Defendants KorDev and Bryant are without information sufficient to admit or deny the allegations of paragraph 18 and, therefore, denies the same.

      19.      Defendants KorDev and Bryant are without information sufficient to admit or deny the allegations of paragraph 19 and, therefore, denies the same.

      20.      Defendants KorDev and Bryant are without information sufficient to admit or deny

the allegations of paragraph 20 and, therefore, denies the same.

21. On information and belief, admitted.

22. Defendants KorDev and Bryant are without information sufficient to admit or deny the allegations of paragraph 22 and, therefore, denies the same.

23. Admitted in part, denied in part. Defendants KorDev and Bryant admit that Mr. Bryant met Ms. Urben through a mutual acquaintance in August 2022 (though "business colleague" is not entirely accurate), that Mr. Bryant is a principal of KorDev LLC, that KorDev LLC is a company that does digital marketing and brand building (among other things). Defendants KorDev and Bryant further admit that Mr. Bryant had the financial ability to increase the Company's production and manufacturing, to increase effective marketing of the brand, and had the available capital and requisite expertise and skills to grow the Company. The allegations of paragraph 23 are otherwise denied.

24. Admitted in part, denied in part. Defendants KorDev and Bryant admit that Mr. Bryant described, accurately, the abilities and successes of KorDev in digital marketing and brand building. The allegations of paragraph 24 are otherwise denied.

25. Admitted in part, denied in part. Defendants KorDev and Bryant admit an NDA was agreed upon and that Plaintiff provided certain information about the Company. The allegations of paragraph 25 are otherwise denied.

26. Admitted in part, denied in part. Defendants KorDev and Bryant admit Plaintiff sent various emails on or about August 2, 2022. The allegations of paragraph 26, however, purport to state, characterize and/or interpret the contents of those emails and other documents, which documents speak for themselves. To the extent a response is required, the remaining allegations of paragraph 26 are denied.

27. The allegations of paragraph 27 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 27 are denied.

28. The allegations of paragraph 28 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 31 are denied.

32. Admitted.

33. Admitted in part, denied in part. Defendants KorDev and Bryant admit that Plaintiff stated the Company needed cash to run the business and grow the Company and its brand. The allegations of paragraph 33 are otherwise denied.

34. Admitted in part, denied in part. Defendants KorDev and Bryant admit that GridKor had the financial ability to increase the Company's production and manufacturing, to increase effective marketing of the brand, and had the available capital and requisite expertise and skills to grow the Company. The allegations of paragraph 34 are otherwise denied.

35. Admitted in part, denied in part. Defendants KorDev and Bryant admit that GridKor had the financial ability to increase the Company's production and manufacturing, to increase effective marketing of the brand, and had the available capital and requisite expertise and skills to grow the Company. The allegations of paragraph 35 are otherwise denied.

36. Admitted in part, denied in part. Defendants KorDev and Bryant admit that GridKor had the financial ability to increase the Company's production and manufacturing, to increase effective marketing of the brand, and had the available capital and requisite expertise and skills to grow the Company. The allegations of paragraph 36 are otherwise denied.

37. Denied.

38. The allegations of paragraph 38 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 40 are denied.

41. The allegations of paragraph 41 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 41 are denied.

42. The allegations of paragraph 42 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is

required, the allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 46 are denied.

47. Defendants KorDev and Bryant admit that GridKor offered Plaintiff the opportunity to, in the future, earn back equity in the Company if she performed tasks relating to pursuing licensing arrangements, which GridKor was willing to do. Plaintiff, however, never undertook those efforts. The allegations of paragraph 47 are otherwise denied.

48. Defendants KorDev and Bryant admit that GridKor offered Plaintiff the opportunity to, in the future, earn back equity in the Company if she performed tasks relating to pursuing licensing arrangements, which GridKor was willing to do. Plaintiff, however, never undertook those efforts. The allegations of paragraph 48 are otherwise denied.

49. Defendants KorDev and Bryant admit that GridKor offered Plaintiff the opportunity to, in the future, earn back equity in the Company if she performed tasks relating to

pursuing licensing arrangements, which GridKor was willing to do. Plaintiff, however, never undertook those efforts. The allegations of paragraph 49 are otherwise denied.

50. Admitted in part, denied in part. Defendants KorDev and Bryant admit that Mr. Bryant and Plaintiff discussed as a possibility KorDev providing digital marketing and brand building services to Plaintiff. The allegations of paragraph 50 are otherwise denied.

51. Admitted.

52. The allegations of paragraph 52 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 52 are denied.

53. The allegations of paragraph 53 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 53 are denied.

54. Admitted in part; denied in part. Defendants KorDev and Bryant admit that Exhibit A to the First Amended Complaint appears to be a copy of the "Stock (Shares) Purchase Agreement" executed by Mr. Bryant and Ms. Urben. The allegations of paragraph 54 are otherwise denied.

55. The allegations of paragraph 55 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 56 are denied.

57. The allegations of paragraph 57 purport to state, characterize and/or interpret the

contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 57 are denied.

58.  The allegations of paragraph 58 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 58 are denied.

59.  The allegations of paragraph 59 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 59 are denied.

60.  Admitted in part; denied in part.  Defendants KorDev and Bryant admit that GridKor initially directed Plaintiff to Mr. Tobin to effect the transfer of authority over the Company's bank accounts, but this proved more complicated than anticipated, forcing Mr. Bryant to personally travel to Virginia.  The allegations of paragraph 60 are otherwise denied.

61.  Admitted in part; denied in part.  Defendants KorDev and Bryant admit that GridKor initially directed Plaintiff to Mr. Tobin to effect the transfer of authority over the Company's bank accounts, but this proved more complicated than anticipated, forcing Mr. Bryant to personally travel to Virginia.  The allegations of paragraph 61 are otherwise denied.

62.  Admitted in part; denied in part.  Defendants KorDev and Bryant admit that Mr. Bryant met Ms. Urben on or about December 8, 2022 at a TD Bank location in Virginia.  Mrs. Bryant accompanied him.  The purpose of the trip was to remove Ms. Urben as an authorized person on what she represented were the Company's two bank accounts, one at TD Bank and one at Chase Bank, and add a new authorized person in her place.  In the middle of completing the paperwork to do this, the manager at TD Bank requested that Ms. Urben provide a password or code for the account so as to confirm her identity and authority.  She was unable to provide the

correct password or code, claiming she had forgotten. The manager stated he could not remove Ms. Urben from the account without the password or code, but he could close the account. Rather than make a second trip, Mr. Bryant elected to proceed in this fashion. The manager asked if he would accept cash and Mr. Bryant said yes. Ms. Urben claimed to also not have her password or code for the Chase Bank account, so Mr. Bryant did not even attempt to remove her from that account and instead asked Ms. Urben to close the account as she had the TD Bank one. The allegations of paragraph 62 are otherwise denied.

63. Defendants KorDev and Bryant admit GridKor has not injected funds "into the Company" or its accounts (though it has expended money on behalf of the Company), or opened new bank accounts for the Company, but GridKor has not done so because Ms. Urben failed to provide the information necessary to do so, including the taxpayer identification number for the Company. The allegations of paragraph 63 are otherwise denied.

64. Admitted in part; denied in part. Ms. Urben was asked to provide various information, email accounts, records, and other property of the Company, which she failed to do. Unable to maintain sales channels or ship product without this information and property, the Company informed certain third parties that it would be pausing momentarily until the issue could be resolved. But it never was. Defendants KorDev and Bryant further admit that the Company was unable to fulfill certain orders (albeit less than the 50 alleged) because the supplier refused to release inventory based upon substantial unpaid invoices which Plaintiff and/or Sellers had failed to disclose. The allegations of paragraph 64 are otherwise denied.

65. Defendants KorDev and Bryant admit that GridKor did not commit resources to unnecessary or unjustified legal expenses, but denies that it failed to take any necessary steps to protect the Company's intellectual property and otherwise denies the allegations of paragraph 65.

66. Defendants KorDev and Bryant admit that GridKor did not commit resources to unnecessary or unjustified legal expenses, but denies that it failed to take any necessary steps to protect the Company's intellectual property and otherwise denies the allegations of paragraph 66.

67. Admitted in part; denied in part. Defendants KorDev and Bryant admit that, after closing, GridKor became aware that the Company's warehouse in the United States was refusing to release inventory to fill orders based upon unpaid bills. However, the amount owed the warehouse was not $4,800 as Plaintiff claims, but nearly $13,000. Plaintiff never revealed this information to GridKor, either before or after the closing. Plaintiff only learned this from the warehouse, though it had no ability to verify the vendor's claim because Plaintiff never turned over the Company's records or emails. The allegations of paragraph 67 are otherwise denied.

68. Admitted in part; denied in part. Defendants KorDev and Bryant admit that, after closing, it became aware that the Company's warehouse in the United States was refusing to release inventory to fill orders based upon unpaid bills. However, the amount owed the warehouse was not $4,800 as Plaintiff claims, but nearly $13,000. Plaintiff never revealed this information to GridKor, either before or after the closing. Plaintiff only learned this from the warehouse, though it had no ability to verify the vendor's claim because Plaintiff never turned over the Company's records or emails. The allegations of paragraph 68 are otherwise denied.

69. Denied.

70. Admitted in part; denied in part. The Company has been unable to pay a number of claimed bills or outstanding liabilities which were not disclosed by Ms. Urben and/or Sellers and which the Company has been unable to verify because Ms. Urben has failed to turn over the Company's email accounts, account system, records, and other necessary information. The allegations of paragraph 70 are otherwise denied.

71. Admitted in part; denied in part. The Company has been unable to pay a number of claimed bills or outstanding liabilities which were not disclosed by Ms. Urben and/or Sellers and which the Company has been unable to verify because Ms. Urben has failed to turn over the Company's email accounts, account system, records, and other necessary information. The allegations of paragraph 71 are otherwise denied.

72. Admitted in part; denied in part. The Company has been unable to pay a number of claimed bills or outstanding liabilities which were not disclosed by Ms. Urben and/or Sellers and which the Company has been unable to verify because Ms. Urben has failed to turn over the Company's email accounts, account system, records, and other necessary information. The allegations of paragraph 72 are otherwise denied.

73. Admitted in part; denied in part. The Company has been unable to pay a number of claimed bills or outstanding liabilities which were not disclosed by Ms. Urben and/or Sellers and which the Company has been unable to verify because Ms. Urben has failed to turn over the Company's email accounts, account system, records, and other necessary information. The allegations of paragraph 73 are otherwise denied.

74. Admitted in part; denied in part. The Company has been unable to pay a number of claimed bills or outstanding liabilities which were not disclosed by Ms. Urben and/or Sellers and which the Company has been unable to verify because Ms. Urben has failed to turn over the Company's email accounts, account system, records, and other necessary information. The allegations of paragraph 74 are otherwise denied.

75. Admitted in part; denied in part. The Company has been unable to pay a number of claimed bills or outstanding liabilities which were not disclosed by Ms. Urben and/or Sellers and which the Company has been unable to verify because Ms. Urben has failed to turn over the

Company's email accounts, account system, records, and other necessary information. The allegations of paragraph 75 are otherwise denied.

76. Admitted in part; denied in part. The Company has been unable to pay a number of claimed bills or outstanding liabilities which were not disclosed by Ms. Urben and/or Sellers and which the Company has been unable to verify because Ms. Urben has failed to turn over the Company's email accounts, account system, records, and other necessary information. The allegations of paragraph 76 are otherwise denied.

77. The allegations of paragraph 77 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 77 are denied.

78. The allegations of paragraph 78 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 78 are denied.

79. The allegations of paragraph 79 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 79 are denied.

80. The allegations of paragraph 80 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 80 are denied.

81. The allegations of paragraph 81 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 81 are denied.

82. The allegations of paragraph 82 purport to state legal conclusions and/or

characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 82 are denied.

83. The allegations of paragraph 83 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 83 are denied.

84. The allegations of paragraph 84 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 84 are denied.

85. Admitted in part, denied in part. Defendants KorDev and Bryant admit that GridKor rescinded the SPA, which it confirmed by letter dated February 23, 2023. The contents of that document speak for itself and, to the extent a response is required, the remaining allegations of paragraph 85 are denied.

86. Denied.

87. Admitted in part; denied in part. Defendants KorDev and Bryant admit that GridKor has repeatedly requested that Ms. Urben and/or the as-yet-unidentified Sellers perform under the "Stock (Shares) Purchase Agreement," relinquish control of the Company and all of its assets, and turn over the records, accounts, systems, and other information of the Company. Defendants KorDev and Bryant further admit that GridKor made clear that if Ms. Urben and/or the Sellers did not do so, GridKor would have no choice but to rescind the "Stock (Shares) Purchase Agreement," and GridKor ultimately did so. The allegations of paragraph 87 are otherwise denied.

88. Defendants KorDev and Bryant hereby incorporate by reference each of their responses to the preceding paragraphs as if set forth fully herein.

89. On information and belief, admitted.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Defendants KorDev and Bryant hereby incorporate by reference each of their responses to the preceding paragraphs as if set forth fully herein.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Defendants KorDev and Bryant hereby incorporate by reference each of their responses to the preceding paragraphs as if set forth fully herein.

104. On information and belief, admitted.

105. Denied.

106. The allegations of paragraph 106 purport to state legal conclusions as to multiple different persons and entities, to which no response is required. To the extent a response is required, the allegations of paragraph 106 are denied.

107. Admitted.

108. Denied.

109. Denied.

110. Denied.

Defendants KorDev and Bryant deny any and all allegations set forth in Plaintiff's "WHEREFORE" clause and subparagraphs the same, and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof to which Defendants KorDev and Bryant are not otherwise subject under the law, Defendants KorDev and Bryant assert and allege the following additional defenses to Plaintiff's First Amended Complaint:

1. Defendants KorDev and Bryant deny all allegations not specifically admitted herein and denies that Plaintiff is entitled to any of the relief requested.

2. Plaintiff's claims fail to state a claim upon which relief may be granted.

3. Plaintiff lacks standing to assert the claims in the First Amended Complaint.

4. Plaintiff has failed to join necessary parties, namely: the Sellers.

5. To the extent GridKor failed to perform any contractual obligation to Plaintiff or Sellers, it is relieved from performing by Plaintiff and/or Sellers' prior material breaches.

6. To the extent GridKor failed to perform any contractual obligation, it did so as a result of the acts, omissions and failures of Plaintiff and/or the Sellers.

7. Plaintiff and/or Sellers failed to perform under the "Stock (Shares) Purchase Agreement," thus relieving GridKor of any obligations thereunder.

8. Plaintiff and/or Sellers failed to deliver access to and control of the Company to GridKor, thus interfering with GridKor's ability to perform under the "Stock (Shares) Purchase

Agreement" and relieving it of any obligations thereunder.

9. Plaintiff seeks an unenforceable liquidated damages penalty because her damages, if any, are grossly disproportionate to any harm actually suffered.

10. Plaintiff's claim is barred because she has not suffered any damages either generally or for which Defendants are responsible.

11. Plaintiff's damages, if any, were the result of her own neglect, negligence, mistake, breaches of contract, and course of conduct.

12. Plaintiff's claim is barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and release.

13. Plaintiff and/or Sellers failed to mitigate their damages, if any.

14. Defendants KorDev and Bryant hereby give notice that they intends to rely upon any other defenses that may become available or apparent during discovery and hereby reserves the right to amend this Answer to assert any such defense.

## JURY DEMAND

Defendants KorDev and Bryant hereby request a trial by jury on all issues so triable.

## DEFENDANTS' PRAYER FOR RELIEF AND GENERAL DENIAL

Except as expressly admitted herein by Defendants KorDev and Bryant, each and every other allegation contained in Plaintiff's First Amended Complaint, whether in numbered or unnumbered paragraphs or in headings, are hereby denied.

WHEREFORE, having fully answered the First Amended Complaint and having raised the defenses above, Defendants KorDev and Bryant respectfully request that the Court dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice, enter judgment in favor of Defendants and against Plaintiff, and award Defendants' their attorneys' fees, costs, and such other

relief as is just and proper.

DATE: May 30, 2023   Respectfully submitted,

*/s/ Tillman J. Finley*
Tillman J. Finley (VSB No. 93284)
tfinley@marinofinley.com
MARINO FINLEY LLP
818 Connecticut Avenue, N.W., Suite 801
Washington, DC  20006
Tel:  202.223.8888

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2023, I filed the foregoing DEFENDANT KORDEV LLC AND MICHAEL BRYANT'S ANSWER using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Tillman J. Finley*
Tillman J. Finley