# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| AVONDA URBEN, on behalf of herself and in her capacity as the Sellers' Representative, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:23-cv-00138-TSE-IDD |
| v. | )<br>) |
| GRIDKOR, LLC, MICHAEL BRYANT, KORDEV, LL, and ALYSSA SCHRECENGOST BRYANT, | )<br>)<br>) |
| Defendants. | ) |
| GRIDKOR, LLC, | ) |
| Counterclaim and Third-Party Plaintiff, | ) |
| v. | ) |
| AVONDA URBEN; JOHN DOE NOS. 1-5; and JANE DOE NOS. 1-5, | )<br>) |
| Counterclaim and/or Third-Party Defendants | ) |

## ANSWER OF DEFENDANT ALYSSA S. BRYANT

Defendant Alyssa S. Bryant hereby answers and asserts affirmative defenses to Plaintiff Avonda Urben's First Amended Complaint as follows:

1. The allegations of paragraph 1 purport to state legal conclusions and characterize and/or interpret Plaintiff's First Amended Complaint and/or a "Stock (Shares) Purchase Agreement," both of which documents speak for themselves and to which no response is required. To the extent a response is required, the allegations of paragraph 1 are denied.

2. Denied.

3. Denied.

4. The allegations of paragraph 4 purport to state legal conclusions and/or characterize and interpret Plaintiff's First Amended Complaint, to which no response is required. To the extent a response is required, the allegations of paragraph 4 are denied.

5. Denied.

6. Denied.

7. On information and belief, admitted.

8. On information and belief, admitted in part, denied in part. Mrs. Byrant understands GridKor to be a limited liability company organized under the laws of the State of Wyoming, that its Wyoming address is as alleged, and that KorDev LLC is a member of GridKor. The allegations of paragraph 8 are otherwise denied.

9. Admitted in part, denied in part. Mrs. Bryant admits that Mr. Bryant is an individual and a resident and citizen of Pennsylvania, and that he is the President of GridKor. The remaining allegations of paragraph 7 purport to state a legal conclusion to which no response is required. To the extent a response is required, the remaining allegations are denied.

10. Admitted in part, denied in part. Mrs. Bryant admits that she is an individual and a resident and citizen of Pennsylvania. The allegations of paragraph 10 are otherwise denied.

11. On information and belief, admitted in part, denied in part. Mrs. Bryant understands that KorDev is a limited liability company organized under the laws of the State of Wyoming; that its Wyoming address is as alleged; that KorDev and GridKor both use the same registered agent at that address, Registered Agents Inc.; that KorDev's principal place of business is as alleged; and that Mr. Bryant is the sole member of KorDev. The allegations of paragraph 11

are otherwise denied.

      12.      Denied.

      13.      Denied.

      14.      On information and belief, denied.

      15.      The allegations of paragraph 15 purport to state legal conclusions and characterize and/or interpret a filing in a separate litigation, which document speaks for itself and to which no response is required.  To the extent a response is required, the allegations of paragraph 15 are denied.

      16.      The allegations of paragraph 16 purport to state legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 16 are denied.  Not knowing the identity of the purported Sellers or their citizenship, Mrs. Bryant is without information sufficient to determine whether this Court in fact has jurisdiction under 28 U.S.C. § 1332.

      17.      The allegations of paragraph 17 purport to state legal conclusions to which no response is required.  To the extent a response is required, the allegations of paragraph 17 are denied.

      18.      Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 18 and, therefore, denies the same.

      19.      Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 19 and, therefore, denies the same.

      20.      Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 20 and, therefore, denies the same.

      21.      On information and belief, admitted.

22. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 22 and, therefore, denies the same.

23. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 23 and, therefore, denies the same.

24. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 24 and, therefore, denies the same.

25. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 25 and, therefore, denies the same.

26. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 26 and, therefore, denies the same.

27. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 27 and, therefore, denies the same.

28. The allegations of paragraph 28 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 28 are denied.

29. The allegations of paragraph 29 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 29 are denied.

30. The allegations of paragraph 30 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 30 are denied.

31. The allegations of paragraph 31 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is

required, the allegations of paragraph 31 are denied.

32. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 32 and, therefore, denies the same.

33. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 33 and, therefore, denies the same.

34. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 34 and, therefore, denies the same.

35. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 35 and, therefore, denies the same.

36. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 36 and, therefore, denies the same.

37. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 37 and, therefore, denies the same.

38. The allegations of paragraph 38 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 38 are denied.

39. The allegations of paragraph 39 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 40 are denied.

41. The allegations of paragraph 41 purport to state, characterize and/or interpret the

contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 41 are denied.

42. The allegations of paragraph 42 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 42 are denied.

43. The allegations of paragraph 43 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 44 are denied.

45. The allegations of paragraph 45 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 45 are denied.

46. The allegations of paragraph 46 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 46 are denied.

47. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 47 and, therefore, denies the same.

48. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 48 and, therefore, denies the same.

49. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 49 and, therefore, denies the same.

50. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 50 and, therefore, denies the same.

51. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 51 and, therefore, denies the same.

52. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 52 and, therefore, denies the same.

53. The allegations of paragraph 53 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 53 are denied.

54. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 54 and, therefore, denies the same.

55. The allegations of paragraph 55 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 55 are denied.

56. The allegations of paragraph 56 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 56 are denied.

57. The allegations of paragraph 57 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 57 are denied.

58. The allegations of paragraph 58 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves.  To the extent a response is required, the allegations of paragraph 58 are denied.

59. The allegations of paragraph 59 purport to state, characterize and/or interpret the contents of a document(s), which document(s) speak for themselves. To the extent a response is required, the allegations of paragraph 59 are denied.

60. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 60 and, therefore, denies the same.

61. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 61 and, therefore, denies the same.

62. Admitted in part; denied in part. Mrs. Bryant admits that she accompanied Mr. Bryant to meet Ms. Urben on or about December 8, 2022 at a TD Bank location in Virginia. As Mrs. Bryant understood it, the purpose of the trip was to remove Ms. Urben as an authorized person on what she represented were the Company's two bank accounts, one at TD Bank and one at Chase Bank, and add a new authorized person in her place. In the middle of completing the paperwork to do this, the manager at TD Bank requested that Ms. Urben provide a password or code for the account so as to confirm her identity and authority. She was unable to provide the correct password or code, claiming she had forgotten. The manager stated he could not remove Ms. Urben from the account without the password or code, but he could close the account. Rather than make a second trip, Mr. Bryant elected to proceed in this fashion. The manager asked if he would accept cash and Mr. Bryant said yes. Ms. Urben claimed to also not have her password or code for the Chase Bank account, so Mr. Bryant did not even attempt to remove her from that account and instead asked Ms. Urben to close the account as she had the TD Bank one. The allegations of paragraph 62 are otherwise denied.

63. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 63 and, therefore, denies the same.

64. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 64 and, therefore, denies the same.

65. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 65 and, therefore, denies the same.

66. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 66 and, therefore, denies the same.

67. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 67 and, therefore, denies the same.

68. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 68 and, therefore, denies the same.

69. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 69 and, therefore, denies the same.

70. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 70 and, therefore, denies the same.

71. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 71 and, therefore, denies the same.

72. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 72 and, therefore, denies the same.

73. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 73 and, therefore, denies the same.

74. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 74 and, therefore, denies the same.

75. Mrs. Bryant is without information sufficient to admit or deny the allegations of

paragraph 75 and, therefore, denies the same.

76. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 76 and, therefore, denies the same.

77. The allegations of paragraph 77 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 77 are denied.

78. The allegations of paragraph 78 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 78 are denied.

79. The allegations of paragraph 79 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 79 are denied.

80. The allegations of paragraph 80 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 80 are denied.

81. The allegations of paragraph 81 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 81 are denied.

82. The allegations of paragraph 82 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 82 are denied.

83. The allegations of paragraph 83 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a

response is required, the allegations of paragraph 83 are denied.

84. The allegations of paragraph 84 purport to state legal conclusions and/or characterize and interpret a document(s), to which no response is required. To the extent a response is required, the allegations of paragraph 84 are denied.

85. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 85 and, therefore, denies the same.

86. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 86 and, therefore, denies the same.

87. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 87 and, therefore, denies the same.

88. Mrs. Bryant hereby incorporates by reference each of her responses to the preceding paragraphs as if set forth fully herein.

89. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 89 and, therefore, denies the same.

90. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 90 and, therefore, denies the same.

91. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 91 and, therefore, denies the same.

92. Denied.

93. Denied.

94. The Court has dismissed Plaintiff's Second Cause of Action as against Mrs. Bryant. To the extent a response is required, the allegations of paragraph 94 are denied.

95. The Court has dismissed Plaintiff's Second Cause of Action as against Mrs. Bryant.

To the extent a response is required, the allegations of paragraph 95 are denied.

96. The Court has dismissed Plaintiff's Second Cause of Action as against Mrs. Bryant. To the extent a response is required, the allegations of paragraph 96 are denied.

97. The Court has dismissed Plaintiff's Second Cause of Action as against Mrs. Bryant. To the extent a response is required, the allegations of paragraph 97 are denied.

98. The Court has dismissed Plaintiff's Second Cause of Action as against Mrs. Bryant. To the extent a response is required, the allegations of paragraph 98 are denied.

99. The Court has dismissed Plaintiff's Second Cause of Action as against Mrs. Bryant. To the extent a response is required, the allegations of paragraph 99 are denied.

100. The Court has dismissed Plaintiff's Second Cause of Action as against Mrs. Bryant. To the extent a response is required, the allegations of paragraph 100 are denied.

101. The Court has dismissed Plaintiff's Second Cause of Action as against Mrs. Bryant. To the extent a response is required, the allegations of paragraph 101 are denied.

102. The Court has dismissed Plaintiff's Second Cause of Action as against Mrs. Bryant. To the extent a response is required, the allegations of paragraph 102 are denied.

103. Mrs. Bryant hereby incorporates by reference each of her responses to the preceding paragraphs as if set forth fully herein.

104. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 104 and, therefore, denies the same.

105. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 105 and, therefore, denies the same.

106. The allegations of paragraph 106 purport to state legal conclusions as to multiple different persons and entities, to which no response is required. To the extent a response is

required, the allegations of paragraph 106 are denied.

107. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 107 and, therefore, denies the same.

108. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 108 and, therefore, denies the same.

109. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 109 and, therefore, denies the same.

110. Mrs. Bryant is without information sufficient to admit or deny the allegations of paragraph 110 and, therefore, denies the same.

Defendant Alyssa S. Bryant denies any and all allegations set forth in Plaintiff's "WHEREFORE" clause and subparagraphs the same, and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof to which she is not otherwise subject under the law, Defendant Alyssa S. Bryant asserts and alleges the following additional defenses to Plaintiff's First Amended Complaint:

1. Mrs. Bryant denies all allegations not specifically admitted herein and denies that Plaintiff is entitled to any of the relief requested.

2. Plaintiff's claims fail to state a claim upon which relief may be granted.

3. Plaintiff lacks standing to assert the claims in the First Amended Complaint.

4. Plaintiff has failed to join necessary parties, namely: the Sellers.

5. To the extent GridKor failed to perform any contractual obligation to Plaintiff or Sellers, it is relieved from performing by Plaintiff and/or Sellers' prior material breaches.

6. To the extent GridKor failed to perform any contractual obligation, it did so as a result of the acts, omissions and failures of Plaintiff and/or the Sellers.

7. Plaintiff and/or Sellers failed to perform under the "Stock (Shares) Purchase Agreement," thus relieving GridKor of any obligations thereunder.

8. Plaintiff and/or Sellers failed to deliver access to and control of the Company to GridKor, thus interfering with GridKor's ability to perform under the "Stock (Shares) Purchase Agreement" and relieving it of any obligations thereunder.

9. Plaintiff seeks an unenforceable liquidated damages penalty because her damages, if any, are grossly disproportionate to any harm actually suffered.

10. Plaintiff's claim is barred because she has not suffered any damages either generally or for which Defendants are responsible.

11. Plaintiff's damages, if any, were the result of her own neglect, negligence, mistake, breaches of contract, and course of conduct.

12. Plaintiff's claim is barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, and release.

13. Plaintiff and/or Sellers failed to mitigate their damages, if any.

14. Mrs. Bryant hereby gives notice that she intends to rely upon any other defenses that may become available or apparent during discovery and hereby reserves the right to amend this Answer to assert any such defense.

## JURY DEMAND

Defendant Alyssa S. Bryant hereby requests a trial by jury on all issues so triable.

## DEFENDANT'S PRAYER FOR RELIEF AND GENERAL DENIAL

Except as expressly admitted herein by Defendant Alyssa S. Bryant, each and every other

allegation contained in Plaintiff's First Amended Complaint, whether in numbered or unnumbered paragraphs or in headings, are hereby denied.

WHEREFORE, having fully answered the First Amended Complaint and having raised the defenses above, Defendant Alyssa S. Bryant respectfully requests that the Court dismiss Plaintiff's First Amended Complaint in its entirety, with prejudice, enter judgment in favor of Defendants and against Plaintiff, and award Defendants' their attorneys' fees, costs, and such other relief as is just and proper.

DATE:  June 1, 2023

Respectfully submitted,

*/s/ Tillman J. Finley*
Tillman J. Finley (VSB No. 93284)
tfinley@marinofinley.com
MARINO FINLEY LLP
818 Connecticut Avenue, N.W., Suite 801
Washington, DC  20006
Tel:  202.223.8888

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2023, I filed the foregoing ANSWER OF DEFENDANT ALYSSA S. BRYANT using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Tillman J. Finley*
Tillman J. Finley