UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| AVONDA URBEN, on behalf of herself and in her capacity as the Sellers' Representative,<br><br>    Plaintiff,<br><br>v.<br><br>GRIDKOR, LLC, MICHAEL BRYANT, KORDEV, LLC, and ALYSSA SCHRECENGOST BRYANT,<br><br>    Defendants.<br><br>GRIDKOR, LLC,<br><br>    Counterclaim and Third-Party Plaintiff,<br><br>v.<br><br>AVONDA URBEN; JOHN DOE NOS. 1-5; and JANE DOE NOS. 1-5,<br><br>    Counterclaim and/or Third-Party Defendants | )<br>)<br>)<br>)<br>) Case No. 1:23-cv-00138-TSE-IDD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CONFERENCE REPORT AND PROPOSED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f) and the Order entered by this Court on July 14, 2023 (Doc. 50), a conference was held by telephone on July 27, 2023, among counsel for the Parties. The Parties make the following report of such conference and submit the following proposed discovery plan:

1. **Rule 26(a)(1) Disclosures**

The Parties will exchange Rule 26(a)(1) disclosures on or before the close of business on August 11, 2023.

2. **Discovery**

All discovery must be completed on or before **December 8, 2023**, as provided in the Court's Order of July 14, 2023.  The Parties do not anticipate that discovery will need to be conducted in phases.

3. **Electronic Discovery**

A. **Preservation:**  The Parties have discussed preservation of relevant and evidence and confirmed that they will identify, retain, and preserve all electronic media in their possession, custody, or control that contains data, files, and communications relevant to the claims and defenses in this case, from all reasonably identifiable sources.

B. **Production:**  All hard copy documents shall be produced as scanned, OCR'd PDF files.  All data, files, and communications that, in the ordinary course of business, are recorded in electronic media (including but not limited to electronic mail and attachments) shall be produced as searchable PDF files.  In the case of spreadsheets or other electronic files that cannot readily be converted into PDF form or are more readily read or reviewed in native format, the files shall be produced in native format.  The parties shall maintain the original and native versions of all documents, which may be produced on a case-by-case basis as necessary.  The parties agree to cooperate to try and resolve any such request of files in original or native format.  If the parties are unable to agree to such a request, the requesting party will promptly file an appropriate motion with the Court.

**4.      Experts**

Pursuant to Local Rule 26(D)(1), the parties shall make their respective Rule 26(a)(2) disclosures by October 4, 2023.

Pursuant to Local Rule 26(D)(1), the parties may make additional expert disclosures that are solely contradictory or rebuttal evidence to a disclosure made by the opposing party by October 18, 2023.

**5.      Claims of Privilege and/or Work-Product Protection**

The rules and procedures for asserting claims of privilege and/or work-product protection set by the Federal Rules of Civil Procedure are acceptable to the Parties.  To the extent a party withholds privileged information as set forth in Rule 26(B)(5)(a), the claim for privilege and a description of the document must be set forth within a privilege log and the description must be sufficient for the opposing party to understand the nature of the document.  Unless otherwise agreed to in writing, the privilege log must be produced to the opposing party within seven (7) days of when the documents or items listed thereon would otherwise have been required for production.

The parties have jointly agreed that a producing party need not include the following on its privilege log:  (a) counsel of record's own internal communications, notes and/or litigation file as such (though the presence in counsel's litigation file of a document otherwise subject to discovery shall not be a basis for withholding production of any such document); and (b) attorney-client communications that (i) involve the undersigned counsel of record in this litigation, or (ii) occurred after January 31, 2023.

6. **Limitations on Discovery**

The limits on discovery set by the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Virginia are acceptable to the Parties with the exception of the non-party, non-expert witness depositions. As per the Court's July 14, 2023 Order, a party may not exceed five (5) non-party, non-expert depositions nor serve on any other party more than thirty (30) interrogatories without leave of Court.

7. **Electronic Service**

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties stipulate and agree to accept service of any and all documents related to the above-captioned litigation by electronic means, whether or not the document to be served is filed through the Court's CM/ECF system. Service made by electronic means shall be complete upon transmission.

8. **Other Orders**

The parties anticipate that a protective order pursuant to Rule 26(c) will be necessary in this case. The Parties agree to meet and confer regarding a mutually acceptable protective order and, will, if possible submit an agreed protective order to the Court as soon as possible.

9. **Settlement**

The Parties have had settlement conversations and participated in a settlement conference with Judge Fitzpatrick, but no settlement has been reached in this matter. The parties will promptly inform the Court if there is a change in status with regard to settlement.

10. **Consent to Trial by Magistrate**

The Parties have discussed the option of having this case tried by a magistrate judge, but do not consent to do so at this time.

Dated:     August 2, 2023                                    Respectfully Submitted,

/s/ John A. Bonello (by permission)                          /s/ Tillman J. Finley
John A. Bonello                                              Tillman J. Finley (VSB No. 93284)
RESTON LAW GROUP                                             tfinley@marinofinley.com
2100 Reston Parkway                                          Daniel Marino (*pro hac vice*)
Suite 450                                                    dmarino@marinofinley.com
Reston, VA 20191                                             MARINO FINLEY LLP
Tel: 703-483-2810                                            818 Connecticut Avenue, N.W., Suite 801
                                                             Washington, DC  20006
-and-                                                        Tel:  202.223.8888

                                                             *Attorneys for Defendants*

Emily B. Kirsch (admitted pro hac vice)
Emily.Kirsch@kirschniehaus.com
Craig S. Tarasoff (admitted pro hac vice)
Craig.Tarasoff@kiischniehaus.com
KIRSCH & NIEHAUS, PLLC
950 Third Avenue, Suite 1900
New York, NY 10022
Tel: 646 415 7530

*Counsel for Plaintiff*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2023, I filed the foregoing using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Tillman J. Finley*
Tillman J. Finley
