IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

AVONDA URBEN,
    Plaintiff,

        v.                                      Civil No. 1:23cv138 (DJN)

GRIDKOR, LLC, *et al.*,
    Defendants.

## SCHEDULING AND PRETRIAL ORDER

The following shall govern the progress of this action in addition to the provisions of the Federal Rules of Civil Procedure as modified and/or enlarged upon by the Local Rules for this Court. This Order shall control if any conflict is perceived between it and either the Federal or Local Rules. The term "Rule(s)" refers to the Federal Rules of Civil Procedure and "Local Rule(s)" refers to the Local Rules for this District. This Order supersedes all previous scheduling order(s) (ECF Nos. 50, 53).

### Trial Date

1. Trial is scheduled **with** a jury to commence with jury selection at **10:00 a.m.** on **Monday, July 22, 2024**, and to continue with opening statements and testimony at **10:00 a.m.** on **Tuesday, July 23, 2024**. Trial shall proceed each day until at latest **Friday, July 26, 2024**.

### Non-Dispositive Motions

2. All non-dispositive motions, including all motions *in limine* shall be filed not later than **June 24, 2024**. The brief in opposition to such non-dispositive motions shall be filed not later than **July 1, 2024**. The reply brief in support of such non-dispositive motions, if any, shall be filed not later than **July 5, 2024**.

## Oral Argument

3(a).  Consistent with Local Rule 7(J), the Court will decide all motions on the papers unless the Court orders oral argument on its own initiative or on separate motion filed by the parties.  The separate motion must include an incorporated brief explaining why oral argument will materially aid in the decisional process.

3(b).  The Court will not enforce the provisions of Local Rule 7(E) to the extent that it requires a movant to schedule a hearing within thirty (30) days after filing a motion.

## Proposed Witnesses

4.  Each plaintiff shall file a list of proposed witnesses not later than **June 14, 2024**, and each defendant shall designate its witnesses not later than **June 24, 2024**.  Plaintiff(s) shall file a list of any rebuttal witnesses not later than **July 1, 2024**.  Failure to comply with the provisions of this paragraph shall result in preclusion of a witness's testimony at trial, absent exceptional circumstances.

## Discovery To Be Used As Evidence

5.  Each plaintiff shall file a designation not later than **June 14, 2024**, specifically identifying any discovery material that is intended to be offered into evidence and each defendant shall do likewise not later than **June 24, 2024**.  Any designation must identify the specific item of discovery intended to be offered into evidence by exhibit number, title of the document and the specific page and sentence of the relevant information, along with a statement of relevance and basis for admission.  For nonjury trials, pursuant to Local Rule 30(G), counsel shall provide summaries of any deposition testimony, pointing to the salient points to be noted by the Court.  Any objection to the introduction of any discovery material shall be filed not later than **July 1, 2024**, or the objection will be deemed waived.  This paragraph does not apply to

2

discovery materials that will be used at trial solely for cross-examination and/or for impeachment purposes.

**Jury Trial**

6(a).  If this matter is to be tried by a jury, counsel for all parties shall <u>jointly</u> file electronically any requested jury instructions, including all requested standard instructions, not later than **July 2, 2024**.  The submission of proposed jury instructions shall include each requested jury instruction (whether agreed or objected to) fully set forth on a separate page with a citation in support of the instruction set forth at the bottom of the requested instruction.  The submission shall be organized as follows.  First, the parties shall tender the agreed set of instructions (to be labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of Plaintiff's proposed instructions (to be labeled "P-1," P-2," etc.) to which Defendant objects.  Third, the parties shall tender any of Defendant's proposed instructions (to be labeled "D-1," "D-2," etc.) to which Plaintiff objects.  Counsel shall also provide a copy of the requested jury instructions in Microsoft Word format via e-mail to Chambers.

6(b).  Not less than three (3) calendar days after the filing of the requested jury instructions, the objecting party shall submit its memorandum in opposition to any jury instructions requested by the other side that are not agreed upon.  The objecting party shall set forth the nature of the dispute, any authority on the issue and any alternative instruction.

6(c).  Not less than five (5) calendar days after the filing of the requested jury instructions, the party proposing any requested instructions that are not agreed upon may submit a memorandum in support of the requested instructions.

3

*Voir Dire*

7.  Any proposed jury *voir dire* to be requested by any party shall be filed not later than **July 2, 2024**.  Parties are encouraged to submit an instruction that succinctly summarizes the position of each party for use by the Court during *voir dire*.

### Bench Trial

8.  If this matter is to be tried without a jury, the parties shall file proposed findings of fact and conclusions of law not later than **July 9, 2024**.  Counsel shall also provide a copy of the proposed findings of fact and conclusions of law in Microsoft Word format via e-mail to Chambers.

### Written Stipulations

9.  Not later than **June 28, 2024**, counsel for each party shall meet and confer in a good faith effort to enter into written stipulations of uncontroverted facts.  Written stipulations shall be signed by each counsel and filed with the Clerk not later than **July 2, 2024**.

### Proposed Exhibits

10(a).  Each plaintiff shall file a list of proposed exhibits not later than **June 14, 2024**, and shall provide a copy of all proposed exhibits to all parties.  Each defendant shall file a list of proposed exhibits and shall provide a copy of same to every party not less than **June 24, 2024**.  Any objection to any exhibit shall be noted by a motion that includes the subject exhibit(s) filed not later than **July 1, 2024**.

10(b).  In anticipation of trial, each party shall ensure that three (3) sets of pre-marked, indexed copies of that party's exhibits are submitted in binders to the Clerk at least one day before trial begins for use by the courtroom deputy clerk during trial proceedings and the jury during its deliberations.

4

**Deadlines**

11. Unless otherwise specified, any deadline established herein shall be governed by Federal Rule of Civil Procedure 6. For purposes of Rule 6(d), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means.

**Settlement**

12(a). This case will be referred to United States District Judge Leonie M. Brinkema for settlement. The parties shall be responsible for contacting Judge Brinkema's chambers to schedule the settlement conference. If amenable to Judge Brinkema and otherwise consistent with her calendar, the Court orders the parties to schedule the settlement conference before **May 29, 2024**. The parties may elect to utilize a mediator for settlement purposes; however, if they elect to do so, the parties must still schedule a settlement conference with Judge Brinkema before the deadline and then meet with the private mediator before the scheduled settlement conference.

12(b). The parties shall file notice of any settlement, either in whole or in part, as soon as practicable but not later than 12:00 p.m. on the nearest business day following the date of settlement. Counsel shall submit a stipulation of dismissal not later than fourteen (14) calendar days after filing the notice of settlement, unless otherwise ordered by the Court. If such stipulation is not timely filed, the Court will dismiss this action with prejudice as to all parties involved in the settlement.

**Final Pretrial Conference**

13. A Final Pretrial Conference will be held at **10:00 a.m.** on **Thursday, July 18, 2024**. Not later than seven (7) days before the Final Pretrial Conference, the parties shall jointly submit a proposed Final Pretrial Order to the Court, endorsed by counsel and setting forth all resolved and disputed matters related to trial evidentiary issues. The proposed Final Pretrial Order shall

be broken down by the following sections:  (1) Stipulated Facts; (2) Legal and Evidentiary Stipulations (including jurisdiction and venue); (3) List of Proposed Witnesses by Each Party; (4) Exhibits (including identification of those exhibits to which there is no objection); (5) Factual Contentions as set forth by each party; and (6) Triable Issues as set forth by each party.

### Pretrial Briefs

14.  The parties may file pretrial bench briefs on material issues expected to arise at trial; indeed, the Court encourages such practice.  Pretrial briefs, however, may not serve as a substitute for motions *in limine*, because pretrial briefs do not seek a remedy.  Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about a potential trial issue.  If counsel elects to file a pretrial brief, it must be filed not later than **July 18, 2024.**

### Courtroom Technology

15(a).  All exhibits will be presented by available electronic means during trial.  The courtroom is equipped with a document viewer that displays evidence on monitors located on counsel tables, on the bench and in the jury box.  The parties may also use personal laptop computers to aid in the presentation of evidence.  The Court does not provide laptops.  The Court advises the parties to visit the following webpage for more information on the Court's technological capabilities:  https://www.vaed.uscourts.gov/evidence-presentation-system.

15(b).  Any party wishing to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the undersigned's courtroom deputy at least ten (10) days before the proceeding.  The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

15(c).  Any party wishing to bring personal electronic devices, including laptops and cell phones, to a proceeding should submit a Request for Authorization form to the undersigned's

law clerks at least three (3) days before the proceeding.  While in the courthouse, all devices should be turned off (not in silent or vibrate modes) unless in use for court-related matters.

## Attorneys' Fees

16.  Any motion for an award of attorneys' fees will be addressed after trial pursuant to Rule 54 and Local Rule 54 (if fees are treated as costs by statute or rule).  Such motions shall be governed by applicable statutory and decisional law and must be accompanied by a brief.  A party moving for attorneys' fees must submit an affidavit or declaration itemizing time spent on the case, describing the work done and the hourly rate of the person billing the case.  In addition, a movant must submit an affidavit or declaration from an expert establishing the reasonableness of the fees.

## Use of Artificial Intelligence

17.  Should any party utilize artificial intelligence for the preparation of any filing, they must identify the use of the artificial intelligence in the filing and provide a certification that they have reviewed all citations for accuracy.

The Clerk is DIRECTED to provide a copy of this Order to all counsel of record and any party not represented by counsel.

It is so ORDERED.

_____/s/_____

David J. Novak
United States District Judge

Alexandria, Virginia
Date:  February 28, 2024

7